IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SENECA COUNTY,<br>41 West Main Street<br>Waterloo, NY 13165-1328,<br><br>　　*Plaintiff,*<br><br>　　　　*v.*<br><br>THE UNITED STATES OF AMERICA,<br>United States Attorney's Office<br>Western District of New York<br>c/o Trini E. Ross, U.S. Attorney<br>138 Delaware Avenue<br>Buffalo, NY 14202-2404**,**<br><br>　　*Defendant.* | C.A. No.  1:24-cv-00148<br><br><br>FTCA COMPLAINT<br>28 U.S.C. §§ 1346(B)(1) & 2674 |

## **COMPLAINT**

NOW COMES, Plaintiff, SENECA COUNTY (hereinafter "Plaintiff") to file this complaint under the Federal Tort Claims Act ("FTCA") against THE UNITED STATES OF AMERICA (hereinafter "the United States") to recover past, present, and future damages caused by ongoing contamination of Plaintiff's drinking water supply with per- and poly- fluoroalkyl-based substances ("PFAS") disposed of at, or otherwise released at the Seneca Army Depot ("SAD") addressed at 6600 NY-96, Romulus, NY 14541.  As of the date of filing of this Complaint, SAD has taken no action to stop or even mitigate the ongoing migration of its PFAS contamination into Plaintiff's water supply and property, nor has agreed to pay for, reimburse, or otherwise offer to share any of the monetary damages incurred by Plaintiff in response to the contamination.

## THE PARTIES

1. The Plaintiff, Seneca County, is a municipal corporation organized under the laws of the State of New York, with its principal place of business located at 41 West Main Street, Waterloo NY 13165-1328.

2. The Defendant, The United States of America, is responsible for United States Department of Defense ("DOD"), its armed services branches, including the United States Army ("U.S. Army") and the Seneca Army Depot.

3. The SAD is located at 6600 NY-96, Romulus, NY 14541. The former SAD occupied 10,587 acres between Seneca lake and Cayuga Lake in Seneca County, New York. The Army Depot lies immediately west of the Town of Romulus, NY, 12 miles south of the villages of Waterloo and Seneca Falls, and 2.5 miles north of the Town of Ovid, NY. It was used as a munition storage and disposal facility by the United States Army from 1941 to the 1990s.

4. Pursuant to Fed. R. Civ. P. 4(i), the Defendant's address for service is the U.S. Attorney's Office for the Western District of New York, 2 Niagara Square, Buffalo NY 14202 -3498.

## BACKGROUND FACTS

5. Plaintiff, purchases water from the Village of Waterloo via the Seneca Lake Water District. The Village of Waterloo relies on surface water from Seneca Lake.

6. Plaintiff's drinking water was sampled for PFAS on September 10, 2019. Results showed levels of PFOA at 1,360 ppt, levels of PFHxS at 2,790 ppt, and levels of PFHxA at 1,090 ppt. All results are above New York State's MCL for PFOA and PFOS.

7. The United States Army began using PFC-based AFFF in 1970 to extinguish fuel-based Fires. Beginning in 2009, the US Army followed the United States Environment Protection

Agency ("EPA") issued short-term provisional health advisory of 400 ppt for PFOA and 200 ppt of PFOS. The US Army now applies the current EPA lifetime exposure health advisory of 70 ppt for both PFOA and PFOS.

8. SAD is operated by the U.S. Army and has used aqueous firefighting foams ("AFFF") containing perfluorochemicals (PFCs) such as perfluorooctanesulfonic acid ("PFOS") and perfluorooctanoic acid ("PFOA").

9. AFFF containing PFCs were used in training exercises and in emergency situations at SAD, in such a manner that these dangerous chemicals would be released into the environment. At any given time during its operation, SAD housed and used thousands of gallons of AFFF concentrate. Army personnel conducted training exercises at SAD including firefighting and explosion training that used AFFF for decades.

10. Due to these training operations, AFFF was released into the surrounding air, soil, and groundwater at SAD.

11. PFOA and PFOS that originated and were released from SAD have contaminated Plaintiff's water supply and property.

12. On information and belief, for decades, the Department of Defense ("DOD") knew firefighting foams with PFAS were dangerous but continued their use. As far back as the 1970s, studies conducted by the DOD showed that AFFF containing PFAS was toxic.

13. On information and belief, by the 1980s, animal studies conducted by the United States Air Force revealed that PFAS chemicals could pose environmental and health risks.

14. In March 2011 the DOD Materials of Emerging Regulatory Interest Team issued Risk Alert # 03-11 to all military branch environmental coordinators stating, among other things, that (a) the discharge of PFAS-containing AFFF was regulated under the federal Clean Water Act;

(b) potential liability for the release of such foam needed to be weighed against the cost of disposal and resupply with alternative chemicals; (c) uncontrolled, repeated application of PFAS-containing AFFF at fire training areas could be expected to contaminate soil and groundwater, and thus such activities needed to be managed; and (d) containment, treatment, and proper disposal of foam discharges through the use of lined pits and improved wastewater treatment were recommended.

15. On information and belief, PFOA and PFOS that originated and were released from SAD have contaminated Plaintiff's water supply.

## DENIAL OF PLAINTIFF'S ADMINISTRATIVE FTCA DAMAGE CLAIM

16. As required under the FTCA, implementing regulations codified at 28 C.F.R. Part 14, and 32 U.S.C. § 842.79, Plaintiff submitted an administrative FTCA damage claim and addendum on October 13, 2021, to the DOD on behalf of the U.S. Department of the Army Claims Service at Fort George G. Meade, Maryland, MD (Exhibit 1).

17. Pursuant to §2675(a) of the FTCA the United States Army did not make a final disposition of the claim within six months after it was filed.

18. Therefore, the claim is deemed a final denial for the purposes of the FTCA's exhaustion requirement.

## JURISDICTION AND VENUE

19. Under 28 U.S.C. §§ 1331, 1346(b)(1), and 2674, this Court has jurisdiction over Plaintiff's FTCA claims.

20. Under 28 U.S.C. § 1402(b), venue is proper in this Court because Plaintiff resides in this judicial district, and because the acts and omissions alleged herein occurred in this judicial district.

## FIRST CLAIM FOR DAMAGES:
### (Continuing Public Nuisance)

21. Plaintiff reincorporates the preceding paragraphs above as though fully set forth herein.

22. Plaintiff its residents, and businesses have the common law right to clean, safe, potable source of water of their own choosing.

23. Plaintiff supplied a clean, safe, portable source of water when it was discovered that PFAS contamination originating from SAD had migrated to Plaintiff's water supply at concentrations exceeding applicable federal and state drinking water standards and health advisory levels.

24. SAD knew of the contamination of its groundwater with PFAS and consciously disregarded a known risk that the contamination had already migrated off-site and into Plaintiff's water supply or that such risk was imminent.

25. SAD knew, consciously disregarded, or in an exercise of reckless disregard should have known, that the location of its firefighting training centers and firefighting training exercises, and specifically the manner in which these activities were being carried out for decades, created a substantial risk that PFAS-containing AFFFs and residues would contaminate surface soils and sediments, stormwater runoff, and underlying groundwater, thus threatening the quality and safety Plaintiff's drinking water supply.

26. SAD knew, consciously disregarded, or in an exercise of reckless disregard should have known, that contamination of Plaintiff's water supply would pose a substantial risk of harm to Plaintiff and its water customers.

27. The acts and omissions of SAD unreasonably and significantly interfered with, and continue today to unreasonably and significantly interfere with, the common rights of Plaintiff, its

residents, and business, to a safe source of drinking water of their own choosing, and have caused and continue today to cause, detrimental effects on the public health, welfare, safety, comfort, and convenience of the residents and businesses, thus creating a public nuisance.

28. SAD has knowingly and deliberately failed to remove the PFAS contamination from the soils and groundwater underneath its property, and has knowingly and deliberately failed to take any steps to stop the ongoing migration of PFAS in groundwater from SAD to Plaintiff's water supply, thereby (a) knowingly and deliberately continuing to unreasonably and significantly interfere with the common rights of Plaintiff's residents and businesses to a safe source of drinking water of their own choosing, and (b) knowingly and deliberately continuing to cause detrimental effects on the public health, welfare, safety, comfort, and convenience of the residents and businesses, thus creating an ongoing public nuisance.

29. As a direct and proximate result of PAFB's conduct, SAD is creating an ongoing public nuisance, Plaintiff has incurred substantial damages, which were presented to SAD in Plaintiff's administrative FTCA damage claim but denied in their entirety.

**SECOND CLAIM FOR DAMAGES**
**(Continuing Trespass)**

30. Plaintiff reincorporates the preceding paragraphs above as though fully set forth herein.

31. Plaintiff is the owner, operator, and actual possessor of real property and improvements used for collecting drinking water.

32. Upon information and belief, SAD knew that PFAS contamination on its property exceeded applicable federal health advisory levels and recommended remediation guidelines at numerous locations, and that the contamination migrated through groundwater and surface water contaminating Plaintiff's real property used for collecting drinking water.

33. The acts and omissions of SAD in causing PFAS contamination of its own property have caused the contamination to migrate, via surface soils and sediments, stormwater runoff, and groundwater, contaminating Plaintiff's real property used for collecting drinking water, interfering with its property rights, including Plaintiff's right to the full use and enjoyment of its water system for treatment and distribution to residents and businesses. These acts and omissions created a trespass on Plaintiff's property and unlawful interference with Plaintiff's property rights.

34. SAD has not removed the contamination from the soils on, and the groundwater running under, the property, nor has it taken any steps to stop the ongoing migration of the PFAS contamination on Plaintiff's property and into its water distribution system, thus creating an ongoing trespass against Plaintiff's property rights.

35. As a direct and proximate result of PAFB's conduct in creating an ongoing trespass against Plaintiff's property, in the form of the ongoing PFAS contamination of Plaintiff's water system, Plaintiff has incurred substantial damages, which were presented to SAD in Plaintiff's administrative FTCA damage claim but denied in their entirety.

**PRAYER FOR RELIEF**

WHEREFORE, based on the forgoing claims, Plaintiff, SENECA COUNTY requests that the Court grants the following relief:

1. Award Seneca County monetary damages for the continuing trespass and continuing public nuisance caused by the contamination of Seneca County, up to the maximum dollar amount set forth in the Seneca County's administrative FTCA damage claim.

2. Order SAD to reimburse Seneca County for its past, present and future costs to investigate, evaluate, and measure the contamination that continues to migrate into

       the Seneca County, including the costs of employing outside consultants and testing labs for these tasks, up to the maximum dollar amount set forth in Seneca County's FTCA damage claim.

3. Order SAD to pay for, or agree to reimburse the cost of a treatment system to be installed at Seneca County's water treatment plant to remove PFAS from the incoming, untreated water, up to the maximum dollar amount set forth in Seneca County's administrative damage claim.

4. To the extent permissible under the FTCA, award Seneca County its reasonable attorney fees and legal expenses incurred in evaluating the PFAS contamination and prosecuting these FTCA claims, up to the maximum dollar amount set forth in Seneca County's administrative FTCA damage claim; and

5. Award Seneca County such other relief as the Court deems just and proper.

Dated:  February 15, 2024

Respectfully submitted,
**NAPOLI SHKOLNIK**

<u>/s/ Paul J. Napoli</u>
Paul J. Napoli, Esq.
1302 Avenida Ponce de León
Santurce, PR  00907-3982
Tel. (833) 271-4502
Fax. (646) 843-7603
pnapoli@nsprlaw.com

Patrick J. Lanciotti, Esq.
    *(Admission Forthcoming)*
Andrew W. Croner, Esq.
    *(Pro Hac Vice Motion Forthcoming)*
360 Lexington Avenue, Floor 11
New York, NY  10017-6502
Tel. (212) 397-1000
planciotti@napolilaw.com
acroner@napolilaw.com

**Counsel for Plaintiff**